IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | COURT NO. 4:22mc00041 |
| | § | |
| PETER EFTHIMIOU, | § | |
| Judgment-Defendant. | § | |

**GOVERNMENT'S OBJECTION TO
DEFENDANT'S REQUEST FOR HEARING**

**I. INTRODUCTION**

In response to the government's post-judgment enforcement of his sizeable outstanding restitution debt through a writ of execution, Defendant Peter Efthimiou requested a hearing and that venue be transferred to the Eastern District of Texas. The venue transfer was appropriate and has already occurred. But Defendant provided no basis in fact or law—let alone any potentially applicable property exemption—that would entitle to him a hearing in this case. Because Defendant has not established himself to be entitled to a hearing, the Court should deny his hearing request.

## II. BACKGROUND

Defendant was sentenced in the Southern District of Georgia for Conspiracy to Commit Medicare Fraud on June 25, 2020. *See United States v. Efthimiou*, Case No. 4:19CR156-1 in the Savannah Division of the Southern District of Georgia, at Dkt. No. 39 ("SDGA Case"). As part of the sentence, Defendant was ordered to pay restitution to the victims of his criminal conduct in the amount of $987,750.00, and a $100.00 special assessment to the Court. *Id.*

On January 28, 2022, the government moved for a Writ of Execution against Defendant's non-exempt personal property—specifically, a 2012 Ferrari 458. *See* Dkt. No. 1. The writ was subsequently issued on February 4, 2022, ordering the United States Marshal, his deputies, and agents to levy on and sell property in which Efthimiou has a substantial nonexempt interest (not to exceed property reasonably equivalent in value to the aggregate amount of the judgment and costs), by executing upon the following: Defendant's 2012 Ferrari 458, VIN ZFF67NFA5C0188989. *See* Dkt. No. 2.

Defendant was served with the Writ of Execution and other execution documents on February 17, 2022. *See* Dkt. No. 9 in EDTX Civil Case 4:22-mc-

00040.[1]  The USMS executed upon the Ferrari and will be ready to liquidate it following the conclusion of this enforcement action.

On February 25, 2022, Defendant filed a Request for Hearing and to Transfer Venue. *See* Dkt. No. 5.  In that request, Defendant failed to identify any valid basis for exemption of the executed property that would warrant a hearing on this matter.  As explained below, the government has properly levied upon Defendant's property pursuant to federal law to pay his outstanding restitution judgment.  Accordingly, the government objects to Defendant's Request for Hearing and respectfully requests that it be denied.

### III. ARGUMENT

**A.  The government properly seeks execution against Defendant's non-exempt property.**

**1.  The Mandatory Victim Restitution Act requires the government to aggressively enforce victim restitution orders by all available means.**

The Mandatory Victim Restitution Act ("MVRA") provides that in sentencing a convicted criminal defendant, and "[n]otwithstanding any other provision of law," the court "shall order . . . that the defendant make restitution to the victim of the offense[.]"  18 U.S.C. § 3663A(a)(1).  An order

---

[1] In a likely clerical error associated with the transfer of venue, the USMS's return-of-service concerning the Ferrari was filed in the transferred-from-SDGA garnishment matter and not in this execution matter.

of restitution under the MVRA "shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663A(d).

Section 3664 of Title 18, in turn, provides "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(a). Further, section 3664 authorizes the United States to enforce an order of restitution in the manner provided for in 18 U.S.C. § 3611 et seq., or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A); *see also* 18 U.S.C. § 3613(f). The MVRA provides the Government authority to enforce victim restitution orders in the same manner it recovers fines and by all other available means. *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002).

### 2. An MVRA restitution order is treated as a tax lien for enforcement purposes.

"The Government is authorized under 18 U.S.C. § 3613(a) (2000) to collect criminal fines and restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Phillips*, 303 F.3d at 551; 18 U.S.C. § 3613(a). Section 3613 further provides that, "[n]otwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against *all property or rights to property* of the person fined," except for a limited set of exemptions. 18 U.S.C. § 3613(a).

Pursuant to section 3613(c), an order of restitution under the MVRA is "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986 [26 U.S.C.S. §§ 1 et seq.]." 18 U.S.C. § 3613(c). This lien "arises on entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or terminated [.]" *Id.* Therefore, as soon as a judgment containing a restitution order is entered, a lien *automatically arises* on all the Defendant's property and rights to property, and the lien is treated as a tax lien for purposes of enforcement. *United States v. Edward D. Jones & Co., L.P.,* 4:10cr57.6, 2011 WL 7025905, at *1 (E.D. Tex. Dec. 21, 2011) (discussing dual purposes of MVRA to promote payment of restitution and compensation to victims), *rec. adopted by* 2012 WL 113605 (E.D. Tex. Jan. 13, 2012).

Like a tax lien, this provision "defines broadly the property subject to attachment by the government," indicating "that Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989).

Accordingly, when the criminal judgment and victim restitution order were entered against Defendant Efthimiou, the United States' lien immediately attached to all his property, including the defendant's 2012 Ferrari 458, held by the United States Marshals Service.

### 3. The government may enforce an MVRA restitution order through the execution provision of the Federal Debt Collection Procedures Act.

The Federal Debt Collection Procedures Act ("FDCPA") provides one set of federal procedures for enforcing restitution judgments. 28 U.S.C. §§ 3001, *et seq.*; *see also* 18 U.S.C. § 3613(a). "The FDCPA provides the most effective means for the Government to enforce private victim restitution orders because it provides a uniform system for prosecutors to follow rather than resorting to the non-uniform procedures provided by the states." *Phillips*, 303 F.3d at 551. Indeed, the uniform application of the FDCPA to federal debtors is reflected in the immediate case, which involves a debt from the Southern District of Georgia now being enforced in the Eastern District of Texas.

The FDCPA authorizes the government to seek, and authorizes the Court to issue, a writ of execution against "all property in which the judgment debtor has a substantial nonexempt interest." 28 U.S.C. § 3203(a). "Property" is defined by the FDCPA as:

> *Any present or future interest*, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, *vested or contingent*, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)).

28 U.S.C. § 3002(12) (emphases added); *see also*, *United States v. Santee Sioux Tribe*, 254 F.3d 728, 735 (8th Cir. 2001) (holding escrow account garnishable because defendant had a "future interest in the funds at the time of the hearing").

Section 3203 provides the necessary procedural steps to apply for a writ of execution. The government properly followed these procedures in obtaining the writ of execution at issue. And Defendant does not allege any procedural errors or missteps by the government here.

## II. Defendant claimed no valid exemption from execution.

The victim restitution order entered against Defendant is enforceable against *all* his property and rights to property, unless that property falls within a limited list of exceptions set forth in 18 U.S.C. § 3613(a). All other property is considered nonexempt for purposes of enforcement under the MVRA and FDCPA. Because this execution is being sought pursuant to federal law, any other exemptions that might be available under state law do not apply here.

Section 3613(a) states that "a judgment imposing a fine may be enforced against *all* property or rights to property of the person fined, except for property exempt from levy for taxes pursuant § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986." (See 26

U.S.C. § 6334(a)(1-8)(10)(12)).² 18 U.S.C. § 3613(a) (emphasis added). This provision is specifically made applicable to orders of restitution in 18 U.S.C. § 3613(f).

Thus, the only exemptions from execution available to Efthimiou in the context of his criminal victim restitution order are:

    (1)    wearing apparel and schoolbooks;
    (2)    fuel, provisions, furniture, and personal effects worth no more than $10,090 in value;
    (3)    books and tools of a trade, business, or profession;
    (4)    unemployment benefits;
    (5)    undelivered mail;
    (6)    certain annuity and pension payments under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and for military service;
    (7)    workman's compensation;
    (8)    judgments for support of minor children;
    (10)    certain service-connected disability payments; and
    (12)    assistance under the Job Training Participation Act.

26 U.S.C. § 6334(a)(1)-(8), (10), and (12). None of these exemptions are applicable to Defendant's Ferrari.

---

² Section 3613(a) also excepts section 3014 of chapter 176 of title 28, and the provisions of section 303 of the Consumer Credit Protection Act, neither of which is applicable here. 18 U.S.C. § 3613(a)(2)-(3).

## C. No Hearing is warranted in light of Defendant's failure to raise any valid exemption or statutory compliance claim

Section 3202(d) of the FDCPA provides that a judgment defendant may request a hearing in an execution proceeding only on the issues of:

    (1)    the probable validity of any claim of exemption by the judgment debtor;
    (2)    compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
    (3)    if the judgment is by default and only to the extent that the Constitution or another law of the United States provide a right to a hearing on the issue, to -
    (A) the probable validity of the claim for the debt which is merged in the judgment; and
    (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

The victim restitution judgment at issue was not obtained through a default and Defendant does not claim that the government failed to comply with any statutory requirement for the issuance of the writ of execution here. Because Defendant has not claimed that the United States failed to follow the proper procedure in this execution proceeding, and because this case does not involve a default judgment, any hearing in this execution proceeding should be limited to "the probable validity of any claim of exemption by the judgment debtor." 18 U.S.C. § 3202(d)(1).

Here, Defendant made no valid claim of exemption in his Request for Hearing, and he failed to assert how his Ferrari would be exempt from

enforcement. He therefore failed to raise an issue for which a hearing under section 3202(d) would be statutorily allowed. The government is entitled to enforce against such property, and it should be sold pursuant to this execution so the sales proceeds can be paid to the Clerk for application towards Defendant's outstanding restitution judgment. This Court has denied defendant-debtor's hearing requests when they failed to identify any applicable exemptions in the past, and it should do so again here. *See Edward D. Jones & Co., L.P.*, 2011 WL 7025905, at *4-5.

## PRAYER

For the reasons set forth above, the government respectfully requests that the Court sustain its objection to Defendant Efthimiou's Request for Hearing and deny the request.

> Respectfully submitted,
> BRIT FEATHERSTON
> UNITED STATES ATTORNEY
>
> */s/ Robert Austin Wells*
> Robert Austin Wells
> Assistant United States Attorney
> State Bar No. 24033327
> 110 N. College, Suite 700
> Tyler, Texas 75702
> Tel:  (903) 590-1400
> Fax:  (903) 590-1437
> Email: robert.wells3@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on the 15th day of March, 2022, a true and correct copy of the Government's Objection to Defendant's Request for Hearing has been served by first class mail, postage prepaid, addressed to:

Peter Efthimiou
Sherman, Texas
JUDGMENT-DEFENDANT

            */s/ Robert Austin Wells*
            Robert Austin Wells
            Assistant United States Attorney