# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:22-mc-41 |
| v. § | Judge Mazzant |
| § | |
| PETER EFTHMIMIOU, § | |
| *Defendant.* § | |
| § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Peter Efthmimiou's Motion for Hearing and/or Request for Transfer (Dkt. #5). Having considered the motion and relevant pleadings, the Court finds the motion should be **DENIED**.

On June 25, 2020, Defendant Peter Efthmimiou ("Efthmimiou") was sentenced in the Savannah Division of the Southern District of Georgia for Conspiracy to Commit Medicare Fraud (the "Georgia Case"). As part of the sentence, Efthmimiou was ordered to pay restitution to the victims of his criminal conduct in the amount of $987,750.00. The Government moved for a Writ of Execution (the "Writ") against Efthmimiou's 2012 Ferrari 458, VIN ZFF67NFA5C0188989 (the "Ferrari"), and the Writ was issued on February 4, 2022. Efthmimiou was served with the Writ on February 17, 2022. The United States Marshal Service (the "USMS") executed upon the Ferrari and is ready to liquidate.

On February 25, 2022, Efthmimiou filed a request for hearing and transfer (Dkt. #5). The Government did not oppose the request for transfer because the Federal Debt Collection Procedures Act ("FDCPA") provides, "if the debtor so requests, within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor

resides." 28 U.S.C. § 3004(b)(2).  The Government did not dispute the timeliness of the request or that Efthmimiou resides within the Eastern District of Texas.  However, the Government requested that any decision on whether a hearing was warranted be deferred until after the transfer occurred (Dkt. #6).  Accordingly, the case was transferred to the undersigned Court on March 14, 2022, without a decision on Efthmimiou's entitlement to a hearing (Dkt. #8).

The Government now argues Efthmimiou has not established his entitlement to a hearing, and thus his request should be denied (Dkt. #10).  The Court agrees.

Under the Mandatory Victim Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A, the Court is required to order a defendant convicted of "an offense against property . . . including any offense committed by fraud or deceit" to make restitution to any "identifiable victim or victims [who have] suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)(c)(1)(B). The law serves the dual purposes of ensuring "that criminals pay full restitution to their victims for all damages caused as a result of the crime" and providing "those who suffer the consequences of crime with some means of recouping the personal and financial losses."  H.R. REP. No. 104-16, at 5 (1995).

Section 3664 provides that the United States may enforce an order of restitution in the manner provided for in subchapter C of chapter 227 (which is 18 U.S.C. §§ 3571-3574) and subchapter B of chapter 229 of Title 18 (which is 18 U.S.C. §§ 3611-3615), or by all other available and reasonable means.  18 U.S.C. § 3664(m)(1)(A) (i)-(ii).  The operative enforcement provision is 18 U.S.C. § 3613, which provides "Civil remedies for satisfaction of an unpaid fine," but is fully "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). The Fifth Circuit found that the MVRA "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means."

*United States v. Phillips*, 303 F.3d 548, 55051 (5th Cir. 2002).

"The Government is authorized under 18 U.S.C. § 3613(a) (2000) to collect criminal fines and restitution "'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" *Id.* (quoting 18 U.S.C. § 3613(a)). Section 3613(a) provides as follows:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law ... a judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined [or ordered to pay restitution], except that-
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
> (3) (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a)(1)(3).

Pursuant to 18 U.S.C. § 3613(c), once restitution is ordered, all of the defendant's property becomes subject to a lien in favor of the United States. In addition, for purposes of debt collection, such a lien is treated like a tax lien. § 3613(c). Thus, "any property the IRS can reach to satisfy a tax lien, a sentencing court can also reach in a restitution order." *United States v. Bank of Am.*, No. 4:10-cr-57, 2011 WL 1483716, at *3 (E.D. Tex. Mar. 28, 2011) (citations omitted). Section 3613(c) broadly defines the property subject to attachment by the government indicating that "Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989); 18 U.S.C. § 3613(c).

The Government asserts that when the criminal judgment and victim restitution order was entered against Efthmimiou, the United States' lien immediately attached to all of his property,

including the Ferrari.  The Court agrees.

The FDCPA provides the practices and procedures for the enforcement of a civil judgment. 28 U.S.C. §§ 3001–3308; *Phillips*, 303 F.3d at 551.  "The FDCPA provides the most effective means for the Government to enforce private victim restitution orders because it provides a uniform system for prosecutors to follow rather than resorting to the non-uniform procedures provided by the states."  *Id.*  Section 3205 of the FDCPA sets forth the procedures utilized in garnishment proceedings.  *United States v. Tex. Life Ins. Co.*, No. 1:04-CR-60, 2011 WL 900099, at *1 (E.D. Tex. Mar. 14, 2011).  Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment . . . in order to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a). Sections 3202 and 3205 of the FDCPA provides instructions on how Defendant may challenge the order.  28 U.S.C. §§ 3202(b), 3202(d), and 3205(c)(5).

"[W]ithin 20 days after receiving the notice [of the writ]," the debtor may request a court hearing.  28 U.S.C. § 3202(d).  Further, under Subsection 3202(d), the issues at a hearing seeking to quash an order granting an enforcement remedy are limited: (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to: (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.  28 U.S.C. § 3202(d).

Section 3613(a) states that "a judgment imposing a fine may be enforced against *all* property or rights to property of the person fined, except for property exempt from levy for taxes pursuant § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986."  18 U.S.C. § 3613(a)(1).  Thus, the available exemptions are for: (1) wearing apparel

and schoolbooks; (2) fuel, provisions, furniture, and personal effects worth no more than $10,090 in value; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and for military service; (7) workman's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Participation Act. 26 U.S.C. § 6334(a)(1)–(8), (10), and (12). Accordingly, the only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes. 18 U.S.C. § 3613(a). Section 3613(c) underscores the Congressional directive that restitution orders should be satisfied in the same manner as tax liabilities. 18 U.S.C. § 3613(c) (stating that an order of restitution imposed under this chapter "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986").

In this case there is no dispute that the United States followed the proper procedures in obtaining the writs of garnishment at issue. Nor does Efthmimiou assert that there are any applicable exemptions (Dkt. #5).

It is therefore **ORDERED** Defendant Peter Efthmimiou's Motion for Hearing and/or Request for Transfer (Dkt. #5) is **DENIED**.

**SIGNED this 22nd day of March, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE